UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID J. SAFRAN,

                              Plaintiff,

                    v.                                         5:06-CV-644
                                                                    (FJS/GJD)
PETER E. CORNING, Justice, Cayuga
County,

                              Defendant.
_____

**APPEARANCES**

**DAVID J. SAFRAN**
02-R-4535
Auburn Correctional Facility
135 State Street
Auburn, New York 13024
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court is Plaintiff David J. Safran's civil rights complaint and his application to proceed *in forma pauperis*.[1] *See* Dkt. Nos. 1-2.[2] In his complaint, Plaintiff claims that he is illegally incarcerated on a parole violation. *See* Dkt. No. 1 at p. 5. Plaintiff also alleges that Defendant Corning failed to hear his petition for habeas corpus relief. *See id.* at p. 4. As a result of Defendant Corning's alleged inaction, Plaintiff seeks release and monetary damages.

---

[1] Plaintiff has not paid the statutory filing fee for this action.

[2] Plaintiff is an experienced litigator, who has filed nineteen actions in this District since September 2004.

*See id.* at pp. 4-5.

## II. DISCUSSION

A court's consideration of whether to permit a *pro se* plaintiff to proceed *in forma pauperis* is a two-step process. First, the court must determine whether the plaintiff may proceed with the action without prepaying, in full, the statutory filing fee. Next, the court must consider whether the causes of action in the complaint are, among other things, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### A.  Plaintiff's application to proceed *in forma pauperis*

Based upon its review of Plaintiff's *in forma pauperis* application, the Court finds that Plaintiff has demonstrated sufficient economic need. *See* Dkt. No. 2.

### B.  Sufficiency of Plaintiff's complaint

Since the Court has found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, the Court must now consider the sufficiency of his complaint in light of 28 U.S.C. § 1915(e). This section directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria necessary to

commence an action *in forma pauperis*, it is the court's responsibility to determine that he may properly maintain his action in this District before it permits him to proceed with the action *in forma pauperis*. *See id.*

As noted, Plaintiff names the Honorable Peter E. Corning, Cayuga County Supreme Court Justice, as the only Defendant in this action, claiming that he failed to hear Plaintiff's petition for habeas corpus relief.[3] It is well-established that "[j]udges enjoy **absolute immunity** from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting *Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967)). Moreover, "[t]he absolute immunity of a judge applies '"however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."'" *Id.* (quotation omitted).[4] Since Justice Corning's alleged failure to hear Plaintiff's petition for habeas corpus relief occurred within his judicial jurisdiction, Justice Corning is absolutely immune from liability under § 1983. Therefore, the Court dismisses Plaintiff's complaint pursuant to § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[3] The Court notes that Plaintiff also claims that Justice Marc Fandridch failed to hear his petition for a writ of habeas corpus; however, Plaintiff did not name Justice Fandridch as a Defendant. *See* Dkt. No. 1, Complaint, at p. 4.

[4] The Court notes that, in two of Plaintiff's other actions, the court dismissed the defendants on the ground that they were entitled to absolute judicial immunity. *See Safran v. Feldstein*, 9:05-CV-269, at Dkt. No. 4 at 4; *Safran v. Doe*, 8:05-CV-270, at Dkt. No. 4 at 6-7. In dismissing Plaintiff's claims against those defendants, the court clearly advised Plaintiff that judges enjoy absolute immunity from personal liability for acts committed within their judicial jurisdiction.

Alternatively, the Court notes that, although Plaintiff filed his complaint pursuant to § 1983 for the alleged violation of his constitutional rights, the gravamen of his complaint is that he is illegally incarcerated. To the extent that Plaintiff seeks to alter the fact or duration of his custody, that relief is not available in a § 1983 action. Plaintiff may seek release from custody *only* by way of a successful habeas petition filed in the appropriate District. *See Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (*per curiam*) ("habeas corpus – not a § 1983 action – provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment" (citation omitted).[5] Therefore, the Court dismisses Plaintiff's complaint insofar as his claims challenge the legality of his confinement because such claims are not cognizable under § 1983.

### III. CONCLUSION

Having reviewed the entire file in this matter as well as the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief; and the Court further

**ORDERS** that, in light of the dismissal of this action, Plaintiff's *in forma pauperis* application is **DENIED** as moot; and the Court further

---

[5] On several previous occasions, the court has clearly advised Plaintiff that he may seek release only by way of a successful habeas petition filed in the appropriate District. *See Safran v. Woods*, 9:05-CV-133, at Dkt. No. 7 at 2; *Safran v. Feldstein*, 9:05-CV-269, at Dkt. No. 4 at 4-5; *Safran v. Doe*, 8:05-CV-270, at Dkt. No. 4 at 3-4.

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: June 30, 2006
       Syracuse, New York

                                          Frederick J. Scullin, Jr.
                                          Senior United States District Court Judge